IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF WYOMING

FILED
3:12 pm, 3/24/08
Joyce W. Harris
Clerk of Court

| | | |
|---|---|---|
| In re | ) | |
| | ) | |
| RANCE MACFARLAND, | ) | Case No. 07-20522 |
| | ) | Chapter 7 |
| Debtor. | ) | |
| | ) | |
| SUSANNE SHIMP, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Adv. No. 07-2059 |
| | ) | |
| RANCE MACFARLAND, | ) | |
| | ) | |
| Defendant. | ) | |

### ORDER DENYING APPLICATION FOR ENTRY OF DEFAULT JUDGMENT

This matter came before the Court for hearing on February 14, 2008 on Plaintiff's Application for Entry of Default Judgment. After hearing the arguments of the parties, reviewing the file and applicable law, the court finds the following:

1. The record indicates that the Plaintiff served the complaint and summons for this adversary on the Defendant-Debtor and his attorney in the base case, Mr. Chance.

2. A Motion for Clerk's Entry of Default was filed on January 7, 2008, and the Entry of Default was entered.

3. Mr. Chance did not represent the debtor in this adversary matter and was not in contact with the Debtor.

4. Apparently, the Debtor believed Mr. Chance was his attorney in the

adversary, had attempted to call Mr. Chance and thought that Mr. Chance was responding to the pleadings.

5. Mr. Chance reported that he was out of town.

6. There was confusion and a lack of communication between the Debtor and his attorney. The time period at issue is approximately one month.

7. Upon notification of the hearing for a default judgment, Mr. Chance responded on behalf of the Debtor and filed an Answer to Complaint on February 4, 2008.

8. The Plaintiff filed a Motion to Strike Defendant's Answer on February 7, 2008 with an Supplemental Motion to Strike filed on February 13, 2008.

9. Defendant's Objection to the Plaintiff's Motion to Strike Defendant's Answer and Motion to Set Aside the Entry of Default was filed on February 12, 2008.

**Analysis.**

The court may set aside an entry of default for good cause. Fed. R. Bankr. P. 7055(c). Defaults are not favored by law and any doubts usually will be resolved in favor of the defaulting party. *Smoot v. Amer. Tissue Serv. Foundation Limited*, Civ. 06-4084, 2006 U.S. Dist. LEXIS 82553 at *9 (D.S.D. Nov. 6, 2006).

In this case, the Defendant-Debtor made attempts to contact his attorney in the base case after receiving service. When the Debtor was unable to reach Mr. Chance, it appears he assumed that his attorney was taking care of the matter. His attorney reports

that he was unavailable, did not receive the complaint and had no knowledge of the adversary. After receiving the notice for the default judgment hearing, Mr. Chance filed an answer on behalf of the Debtor. It does not appear that the debtor's lack of a timely response was willful or that the creditor is prejudiced. There is sufficient cause to set aside an entry of default and to proceed on the merits of the adversary.

THEREFORE, IT IS ORDERED the Plaintiff's Application for Default Judgment is denied.

IT IS FURTHER ORDERED the Clerk's Entry of Default is set aside.

DATED this 24 day of March, 2008.

By the Court

_____
HONORABLE PETER J. MCNIFF
United States Bankruptcy Judge

Service to:
    Stephen Winship
    Jody Chance