FILED

3:13 pm, 5/2/08

Joyce W. Harris
Clerk of Court

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF WYOMING

| | | |
|---|---|---|
| In re | ) | |
| | ) | |
| RANCE MACFARLAND, | ) | Case No.  07-20522 |
| | ) | Chapter 7 |
| Debtor. | ) | |
| | ) | |
| SUSANNE SHIMP, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Adv. No.  07-2059 |
| | ) | |
| RANCE MACFARLAND, | ) | |
| | ) | |
| Defendant. | ) | |

**DECISION ON PLAINTIFF'S MOTION FOR
PARTIAL SUMMARY JUDGMENT**

On April 18, 2008, the court held a hearing on the Motion for Partial Summary

Judgment filed by the Plaintiff, Susanne Shimp ("Shimp").  Shimp appeared through her

counsel, Stephen R. Winship and the Defendant Rance MacFarland, ("MacFarland")

appeared through his counsel, Jody L. Chance.

**Jurisdiction**

The court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §§

157 and 1334.  This is a core proceeding within the definition of 28 U.S.C. §157

(b)(2)(J).  This motion is brought under Fed. R. Civ. P. 56, made applicable in adversary

proceedings by Fed. R. Bankr. P. 7056.

## Facts

This adversary stems from an action initially filed in the District Court, Garfield

County, Colorado ("District Court"), Case Number 05-CV-252. The facts are long and

involved and must be set out here so this court can address the issue of collateral estoppel

as it applies to Shimp's motion for partial summary judgment.

Shimp invested $20,000 in Quality Builders, LLC ("Quality Builders").

MacFarland was one of the four member-managers of Quality Builders.  When Shimp's

investment was not returned, she filed a suit against Quality Builders and each member-

manager individually, including MacFarland. She alleged, as her causes of action: (1)

deceit based on fraud; (2) deceit based on concealment and non-disclosure; (3) negligent

misrepresentation causing harm in a business transaction; (4) civil theft; (5) breach of

fiduciary duty; (6) breach of contract; (7) unjust enrichment, and other claims that are not

relevant to the proceeding before this court.

MacFarland was served on August 16, 2005 through Brad Stiles, another member-

manager of Quality Builders.  MacFarland submitted a letter to the District Court on

September 19, 2005 requesting an extension of time until October 15, 2005 to file a

response, "on behalf of defendants, Quality Builders Limited, Rance MacFarland...to

collectively work with counsel regarding the nature and extent of the claims."

Thereafter, MacFarland was served a: (1) Notice of Application for Default Judgment;

(2) Motion for Entry of Default Judgment; and, (3) Notice of Status Conference on three

separate occasions, from September 23, 2005 through December 12, 2005.  MacFarland

failed to answer, respond or participate at the status conference and later alleged that he

did not receive timely notice as the notices were sent to the wrong address.  The District

Court entered a judgment granting Shimp's Motion for Default Judgment and entered a

judgment in favor of Shimp and against MacFarland in the total amount of $97,188.65 as

a joint and several obligation with Quality Builders.  The District Court specifically

addressed MacFarland's request for an extension in the Judgment, concluding that since

the time for the requested extension had passed and MacFarland had not responded in

any way to the formal court proceeding since his request for an extension, the issue was

moot.  During this time, the parties were also involved in informal negotiations to resolve

the matter.

Subsequently on April 7, 2006, MacFarland retained an attorney, and filed a

Motion to Quash Service arguing that the original service of August 16, 2005 on Brad

Stiles for MacFarland was not proper service.  The District Court entered its order on

July 25, 2006, denying the motion, holding that MacFarland was effectively served, had

filed a general pleading, (i.e. the letter requesting an extension to respond dated

September 19, 2005,) and failed to object to service at that time, waiving his right to

object to service.  Additionally, on February 22, 2007, the District Court entered its order

denying MacFarland's Motion to Set Aside Default Judgment and Motion to Stay

Execution and Enforcement of Judgment.

MacFarland filed for chapter 7 bankruptcy protection on August 24, 2007 listing Shimp as a creditor with a non-priority unsecured debt in the amount of $77,000.00. MacFarland initially filed as a pro se debtor, but subsequently retained counsel to represent him in the bankruptcy. Shimp filed her adversary action on December 3, 2007 objecting to discharge of the debt alleging false pretenses, false representation; actual fraud, fraud as a fiduciary, embezzlement, larceny, and willful and malicious injury. Shimp also filed a motion for a default judgment after MacFarland failed to answer or respond to the adversary complaint.  MacFarland responded and after a hearing, this court set aside the entry of default, denied the motion for a default judgment and allowed the parties to proceed on the merits of the case.  Shimp filed her Motion for Partial Summary Judgment to which MacFarland responded.

## Conclusions of Law

The issue before the Court is whether Shimp is entitled to summary judgment in a dischargeability action on the basis of collateral estoppel because she obtained a default judgment in a Colorado state court on the same issue.  Summary judgment is appropriate when there is no disputed issue of material fact, and the moving party is entitled to judgment as a matter of law.[1]  The United States Supreme Court held that collateral estoppel principles apply in bankruptcy cases and can be used in nondischargeability

---

[1]*Hardy v. S.F. Phospates Ltd. Co.*, 185 F.3d 1076, 1079 (10th Cir. 1999).

actions to prevent re-litigation of issues already decided.[2] Where the issue previously

litigated was litigated under state law, a bankruptcy court will apply the law of collateral

estoppel of the relevant state.[3] The full faith and credit principles of 28 U.S.C. §1738

require the bankruptcy court to give effect to the state court judgment.[4]

This Court must apply Colorado law in determining whether or not collateral

estoppel applies. "When federal courts are called upon to interpret state law, they must

look to rulings of the highest state court, and if no such ruling exists, must endeavor to

predict how the high court would rule."[5] The Colorado Supreme Court has not yet

specifically determined the collateral estoppel effect accorded to a prior default

judgment.

The Colorado Supreme Court has set out the elements of collateral estoppel that

need to be met as a bar to re-litigation of an issue as follows: (1) the issue precluded is

identical to an issue actually litigated and necessarily adjudicated in the prior proceeding;

(2) the party against whom estoppel was sought was a party to or was in privity with a

party to the prior proceeding; (3) there was a final judgment on the merits of the prior

proceeding; and, (4) the party against whom the doctrine is asserted has a full and fair

---

[2] *Grogan v. Garner*, 498 U.S. 279 (1991).

[3] *Hagen v. McNalle*, 62 F.3d 619 (4th Cir. 1995).

[4] *Migra v. Warren City Sch. Dist. Bd. Of Educ.*, 465 U.S. 75 (1984).

[5] *Lovell v. State Farm Mutual Automobile*, 466 F.3d 893 (10th Cir. 2006).

opportunity to litigate the issues in the prior proceeding.[6] The burden of establishing

these elements rests with the party seeking preclusion.[7]

The facts of *Bebo* were that at the administrative agency level, the petitioner's

malpractice action was dismissed because of a failure to comply with the statute of

limitations.  The appeals court, which was the district court,  affirmed.  The Colorado

Supreme Court reversed concluding that the appeals court did not properly apply the

doctrine of collateral estoppel.

The Colorado Supreme Court concluded in *Bebo*[8] that an inquiry into whether a

party received a full and fair opportunity to litigate an issue must look to whether the

initial proceeding was so inadequate or so narrow in focus as to deprive an individual of

his or her due process right in applying the doctrine of collateral estoppel to bar re-

litigation of that issue.  The court concluded that the two proceedings presented

substantially different issues and that the plaintiff was not provided a full and fair

opportunity to litigate the issue of negligence in a debarment action.  Collateral estoppel

could not apply.

It is undisputed by Shimp and MacFarland that the party against whom estoppel

was sought was a party to...the prior proceeding.  MacFarland was a defendant in the

---

[6]*Bebo Construction Co. v. Mattox & O'Brien, P.C. et al*, 990 P.2d 78, 84 (Colo. 1999).

[7]*Id* at 85.

[8]*Id* at 87.

District Court case.  It is also undisputed that there was a final judgment on the merits of

the prior proceeding.  The District Court entered its default judgment and further denied

a subsequent attempt by MacFarland to set aside that judgment.  Two of the four

requirements of collateral estoppel were met.

The next element required to be met, whether the issue precluded is identical to an

issue actually litigated and necessarily adjudicated in the prior proceeding, was

controverted between the parties.  For an issue to be actually litigated, the parties must

have raised the issue in the prior action.[9]  Also, the issue must be raised by a party

through an appropriate pleading or tried with the consent of the parties, it must be

submitted to the prior tribunal for determination and it must be determined by that

tribunal.[10]  Additionally, collateral estoppel applies only to issues that were necessarily

adjudicated in the previous action.[11]  An issue is necessarily adjudicated when a

determination of that issue was necessary to the judgment.[12]

Did MacFarland have a full and fair opportunity to litigate the issue in a prior

proceeding?  The factors to consider when determining whether an individual received a

full and fair opportunity to litigate include: (1) whether the remedies and procedures of

---

[9]*Bebo*, (citing *Michaelson v. Michaelson*, 884 P.2d 695, 701 (Colo. 1994)).

[10]*Bebo* at 86.

[11]*Michaelson* at 700.

[12]*Michaelson* at 700.

the first proceeding are substantially different from the proceeding in which collateral

estoppel is asserted; (2) whether the party in privity with the party against whom

collateral estoppel is sought had sufficient incentive to litigate vigorously; and, (3) the

extent to which the issues are identical.[13]

Interestingly enough, two cases have come before the United States District Court

for the District of Colorado, i.e., *Elletson v. Riggle*[14] and *Janowiak v. Stewart*[15]. The

factual circumstances of *Riggle* and *Janowiak* are amazingly similar to the case before

this court.

In Riggle, the court case was the result of a home building contract dispute.  The

Appellees filed a suit against Riggle alleging, fraud, misrepresentation, conversion and

breach of contract and other claims.  The Appellees filed a motion for summary judgment

to which Riggle did not respond.  The Court entered a judgment on behalf of the

Appellees. Riggle filed for bankruptcy protection and Appellees filed an adversary

asserting that the amount of the default judgment was not dischargeable[16].

The Stewart case involved another home building contract that ended in dispute.

---

[13]*Bebo* at 25 (citing *Bennett College v. United Bank of Denver, Nat'l Ass'n*, 799
P.2d 364, 369 (Colo. 1990).

[14]*Elletson v. Riggle, (In re Riggle)*, Civil Case No. 06-CV-02373-LTB, 2007 U.S.
Dist. LEXIS 59033, (Colo. Aug. 10, 2007).

[15]*Janowiak v. Stewart* (In re Stewart), Civil Action No. 06-CV-10140-WYD, 2007
U.S. Dist. LEXIS 64788, (Colo. August 31, 2007).

[16]*Riggle* at 2.

The plaintiffs initiated an action in the state district court. Stewart never answered the complaint and the plaintiffs moved for a default judgment. The court granted the motion and entered a default judgment finding that Stewart was properly served, had failed to respond and awarded the plaintiffs damages and interest. Stewart filed for Bankruptcy protection, the plaintiffs filed an adversary action objecting to discharge arguing that the issue of nondischargeability was already litigated in the state district court case. The Bankruptcy Court concluded that the doctrine of collateral estoppel applied. The Colorado District Court reversed finding that the Bankruptcy Court erred in granting the motion for summary judgment and finding that collateral estoppel applied to the issue of dischargeability of the state district court debt. The Court concluded that the case is clearly a case where the state district court did not render findings based on actual evidence or where the parties engaged in any meaningful assessment of the facts.

In all three cases, the issue of whether the debtor had committed the acts alleged were not actually litigated in the underlying cases. Judgments were entered in all cases before the state court had an opportunity to consider the merits of the issues. In the present case, the record does not show that the court developed findings of fact to support conclusions that deceit based on fraud; deceit based on concealment and non-disclosure; negligent misrepresentation causing harm in a business transaction; civil theft; breach of fiduciary duty; breach of contract; or unjust enrichment were committed. The district court entered its judgment after MacFarland had initially

generally  responded and then failed to answer the complaint.

Shimp argues and relies on *Ortega, which* is a *pre Bebo* case and did not use the

elements for collateral estoppel established in *Bebo.* In *Ortega,* a default judgment was

entered against a plaintiff in a quiet title action. The plaintiff, subsequently filed an

action alleging ownership of the tax certificate and requested that the court order the

treasurer to issue a deed and requested damages. The trial court granted defendant's

motion for summary judgment and dismissed the action, holding that the plaintiff's

action was barred by collateral estoppel. The court found that the plaintiff had a full and

fair opportunity to litigate the issue in the prior adjudication.[17] The Court in *Riggle,*

relied on the *McMahon's*[18] analysis of *Ortega,* in that although *Ortega* used the term

"collateral estoppel," its language and reasoning demonstrate that the court actually

applied res judicata to the prior default judgment. *Ortega* further omitted any

consideration of whether the issues were actually litigated.[19] Ms. Shimp's reliance on

Ortega is misplaced.

Accordingly, this Court finds that the doctrine of collateral estoppel does not

apply to bar re-litigation of the actions alleged by the Plaintiff in her objection to the

dischargeability action.    Additionally, summary judgment is not appropriate when

_____

[17]*Id* at 821.

[18]*In re McMahon,* 356 B.R. 286 (Bankr. N.D. GA. 2006).

[19]*Riggle* at 11.

there is a disputed issue of material fact.  Upon the Court's review of the materials

presented, no evidence was found to support the allegations other than the default

judgment that did not establish findings of fact that this court could rely upon.

THEREFORE, IT IS ORDERED that the Plaintiff's Motion for Partial Summary

Judgment is denied.

DATED this ___ day of May, 2008.

By the Court

HONORABLE PETER J. MCNIFF
United States Bankruptcy Judge

Service to:
Stephen Winship
Jody Chance